CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
**February 21, 2025**
LAURA A. AUSTIN, CLERK
BY: /s/ S. Wray
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Danville Division)

| | |
|---|---|
| MARIA LOREDO JUAREZ <br><br> Plaintiff, <br><br> v. <br><br> EASTMAN PERFORMANCE FILMS, LLC <br><br> and <br><br> EASTMAN CHEMICAL COMPANY <br><br> Defendants. | Civil Action No. 4:25CV00011 |

## NOTICE OF REMOVAL

Defendants Eastman Performance Films, LLC ("Eastman Performance") and Eastman Chemical Company ("Eastman Chemical")[1], by counsel, and pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, hereby remove this action from the Circuit Court of Henry County, Virginia to the United States District Court for the Western District of Virginia, Danville Division, and in support thereof state as follows:

### The Parties

1. Plaintiff Maria Loredo Juarez ("Plaintiff") is a resident of Henry County, Virginia. *See* Compl., ¶ 1.

2. Defendant Eastman Performance is a single-member limited liability company organized under the laws of Delaware with a principal place of business located at 575 Maryville

---

[1] Plaintiff was employed by Eastman Performance Films, LLC. Accordingly, Eastman Chemical Company is not a proper defendant in this action, and Defendants reserve the ability to move for the dismissal of Eastman Chemical Company at a later date.

1

Centre Drive, St. Louis, Missouri 63141. *See* Decl. of Rebecca L. White, attached as **Exhibit A** at ¶ 4.

3. The sole member of Eastman Performance is Solutia Inc., which is a Delaware corporation with its principal place of business located at 575 Maryville Centre Drive, St. Louis, Missouri 63141. *Id.* at ¶ 5.

4. Defendant Eastman Chemical is a Delaware corporation with its principal place of business located at 200 S. Wilcox Dr., Kingsport, TN 37660. *Id.* at ¶ 6.

Procedural Background

5. This civil action commenced in the Circuit Court of Henry County, Virginia (the "Circuit Court") on or about December 23, 2024, with the filing of a Complaint by Plaintiff, styled as *Maria Loredo Juarez v. Eastman Performance Films, LLC and Eastman Chemical Company*, Case No. CL24-1535.

6. Eastman Performance and Eastman Chemical (collectively the "Defendants") were served with the Complaint on January 23, 2025. Ex. A at ¶ 7.

7. This action is therefore properly removed within thirty (30) days of service on the Defendants in accordance with 28 U.S.C. § 1446.

Jurisdiction is Proper Under 28 U.S.C. § 1332
Because Complete Diversity Exists

8. As explained above, Eastman Films is a Delaware limited liability company, whose "citizenship for the purpose of diversity jurisdiction, consists of the citizenship of all its members." *Littlestone, LLC v. Chauvin*, 2019 U.S. Dist. LEXIS 166508, at *9 (E.D. Va. Sept. 26, 2019) (citations omitted); *see also Travelers Indem. Co. of Am. v. Portal Healthcare Solutions, LLC*, 644 Fed. Appx. 245, 246 (4th Cir. 2016) (noting that a limited liability company's "citizenship for

purposes of diversity jurisdiction turns not on its place of formation or principal place of business, but on the citizenship of [its] members.")

9. As further explained above, Eastman Films has only one member, Solutia Inc., which is not a citizen of the Commonwealth of Virginia. Instead, Solutia Inc. is deemed to be a citizen of Delaware and Missouri. *See 110 S. Perry, LLC v. Auto-Owners, Ins. Co.*, 2023 U.S. Dist. LEXIS 174916, at *4 (E.D. Va. Sept. 28, 2023) (noting that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.") (quoting 28 U.S.C. § 1332(c)(1)).

10. Similarly, Defendant Eastman Chemical is not a citizen of the Commonwealth of Virginia because it is incorporated in the state of Delaware with its principal place of business in Kingsport, Tennessee.

11. Accordingly, this dispute involves citizens of different states, as required for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332.

12. Furthermore, Plaintiff has sued the Defendants for more than the requisite $75,000. *See* Compl., at "Wherefore" clause (seeking $5,000,000 in damages, plus attorneys' fees, interest, and costs).

### Jurisdiction is Proper Under 28 U.S.C. § 1331 Because This Action Involves a Federal Question

13. As set forth in the Complaint, Plaintiff alleges that she reported "violations of law, including *Title VII of the Civil Rights Act of 1964* ["Title VII"] and violations of Virginia state law, to her supervisors." *See* Compl., ¶ 36 (emphasis added).

14. As such, Plaintiff asserts that Defendants violated Virginia Code § 40.1-27.3, which prohibits the discharge of an employee for reporting in good faith a violation of "any federal or

3

state law or regulation to a supervisor or to any governmental body or law-enforcement official[.]" *Id.* at ¶ 35.

15. Accordingly, this case necessarily invokes—and requires interpretation of—Title VII, a federal statute.

16. The law is well-established that "[r]egardless of the allegations of a state law claim, 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law,' the claim arises under federal law and thus supports federal question jurisdiction under 28 U.S.C. § 1331." *North Carolina v. Alcoa Power Generating, Inc.*, 2017 U.S. App. LEXIS 8226, at *10 (4th Cir. April 3, 2017) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).

17. Thus, Plaintiff's claim under Virginia Code § 40.1-27.3 necessarily turns on the construction and interpretation of Title VII and, therefore, provides a sufficient basis for federal question jurisdiction.

## State Court Record

18. Attached hereto, and made a part hereof, are copies of all process and pleadings served upon the Defendants and/or filed by Defendants in the Circuit Court, consisting of the Summons, the Complaint, and Defendants' Unopposed Motion for Extension of Time to File Responsive Pleadings (and proposed Order). *See* **Exhibit B**.

19. A Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court. *Id.*

20. In addition, the Defendants have arranged for the payment of $405.00 to this Court via www.pay.gov for purposes of the removal filing fee. The Defendants will also promptly give Plaintiff, through her counsel, written notice of the filing of this Notice of Removal.

4

WHEREFORE, Defendants Eastman Performance Films, LLC and Eastman Chemical Company hereby request that this action be removed to the United States District Court for the Western District of Virginia, Danville Division, for all further proceedings.

Respectfully Submitted this 21st day of February, 2025.

        Respectfully submitted,

        **EASMAN PERFORMANCE FILMS, LLC and EASTMAN CHEMICAL COMPANY**

        **/s/ Tevis Marshall**
        Tevis Marshall (VSB No. 68401)
        tevis.marshall@ogletreedeakins.com
        Ashlee N. Williams (VSB No. 95063)
        ashlee.williams@ogletreedeakins.com
        OGLETREE, DEAKINS, NASH, SMOAK AND STEWART, P.C.
        Riverfront Plaza—West Tower
        901 East Byrd Street, Suite 1300
        Richmond, VA 23219
        Telephone: 804-663-2333
        Facsimile: 804-225-8641

        *Counsel for Defendants.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on February 21, 2025, the foregoing Notice of Removal was sent to the following via email and regular mail:

> Thomas E. Strelka, Esq.
> L. Leigh Rhoads, Esq.
> VIRGINIA EMPLOYMENT LAW
> 4227 Colonial Ave.
> Roanoke, Virginia 24018
> Telephone: 540-273-0802
> thomas@vaemployment.law
> leigh@vaemployment.law

> /s/ Tevis Marshall
> Tevis Marshall (VSB No. 68401)
> tevis.marshall@ogletreedeakins.com
> Ashlee N. Williams (VSB No. 95063)
> ashlee.williams@ogletreedeakins.com
> OGLETREE, DEAKINS, NASH, SMOAK AND STEWART, P.C.
> Riverfront Plaza—West Tower
> 901 East Byrd Street, Suite 1300
> Richmond, VA 23219
> Telephone: 804-663-2333
> Facsimile: 804-225-8641

*Counsel for Defendants.*

6